**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/23/2020
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                       :

WIAV SOLUTIONS INC.,              :        18-CIV-2595 (PGG) (KHP);

                                       :        19-CIV-4978 (PGG) (KHP)

                                       :

                    Plaintiff,      :

                                       :

             against              :        **PROTECTIVE ORDER**

                                       :

HTC CORPORATION,              :

                    Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby;

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential (the "Confidential Information") shall be stamped "CONFIDENTIAL."

2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

1

3.     Counsel for any party may designate any document or information, in whole or in part, as attorneys' eyes only if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is: (a) especially sensitive non-public information, commercially sensitive proprietary information, a trade secret, or information of any other sort the disclosure of which would cause the disclosing party harm; or (b) information that is subject to confidentiality provisions of agreements with third-parties which limit a party's ability to freely disclose the information and to which third-parties have objected to such disclosure absent a minimum of ATTORNEYS' EYES ONLY protection. Information and documents designated by a party as attorneys' eyes only (the "Attorneys' Eyes Only Information") shall be stamped "ATTORNEYS' EYES ONLY."

4.     All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a.  The requesting party and counsel, including in-house counsel;

   b.  Employees of such counsel assigned to and necessary to assist in the litigation;

   c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.     Documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person except:

   a.  Outside counsel for the receiving party and their paralegals and/or legal assistants;

b. Independent consultants or experts who are unaffiliated with any party and who outside counsel determines, in good faith, are required to assist in the prosecution or defense of the matter so long as such consultants or experts sign an agreement to be bound by this Order in the form attached hereto; or

c. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

unless or until the parties, the Court, Magistrate Judge or other designee of the Court determines how such "ATTORNEYS' EYES ONLY" documents shall be used in the action.

6. Until such time as the parties, the Court, Magistrate Judge or other designee of the Court determines how such "ATTORNEYS' EYES ONLY" documents shall be used in the action, "ATTORNEYS' EYES ONLY" documents may only be used by counsel of record for the parties to prepare for motion practice or trial and may be used at an interview, deposition or trial examination of the person who is the subject of the "ATTORNEYS' EYES ONLY" documents, at an interview, deposition or trial examination of the author or original recipient of the "ATTORNEYS' EYES ONLY" document, or to dispute the designation of the document as "ATTORNEYS' EYES ONLY."

7. Prior to disclosing or displaying the Confidential Information or Attorneys' Eyes Only Information to any person counsel must:

a. Inform the person of the confidential or attorneys' eyes only nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation in the manner set forth herein and has enjoined the disclosure of the information or documents to any other person as set

3

forth hereunder; and

    c.  Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8.    The inadvertent disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Attorneys' Eyes Only Information. Any document or information containing Confidential or Attorneys' Eyes Only material that has been inadvertently produced without identification as to its confidential nature as provided herein, may be so designated by the party asserting the confidentiality classification by written notice within a reasonable time following the discovery that the document or information has been produced without such designation. If so designated, the document or information shall thenceforth be treated as subject to all the terms of this Stipulation and Order.

9.    All depositions shall be presumptively treated as "CONFIDENTIAL" and subject to this Stipulation during the deposition and for a period of thirty (30) days after the final transcript of said deposition is received by the parties. At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by any party.

10.    The parties reserve the right, but shall not be obliged to, challenge the propriety of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation at any time. The failure of any party to challenge the designation of documents as "Confidential" or "ATTORNEYS' EYES ONLY" during the discovery period

shall not be a waiver of that party's right to challenge such designation.

11.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, or information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12.  Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" there is no presumption that such information is entitled to be sealed by the Court. The parties shall follow the Court's procedures with respect to filing under seal when seeking to submit Confidential or Attorneys' Eyes Only information to the Court.

14. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. In the event a party challenges another party's designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Attorneys' Eyes Only Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

16. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Attorneys' Eyes Only Information if otherwise required by law or pursuant to a valid subpoena provided that the recipient of any such subpoena, order or legal process provides the party that has disclosed such information at least seven (7) days written notice prior to such disclosure.

SO STIPULATED AND AGREED.

Dated: September 17, 2020                    Dated: September 17, 2020


By:  /s/ Michael Fay                         By:  /s/ Jonathan D. Pressment
Michael Fay                                  Jonathan D. Pressment
Chris Sprengle                               Abbey Gauger
BERG & ANDROPHY                              HAYNES AND BOONE LLP
120 W. 45th Street, 38th Floor               30 Rockefeller Plaza, 26th Floor
New York, NY 10036                           New York, New York 10112
Tel.: 646.766-0082                           Tel.:  212.918-8961
mfay@bafirm.com                              Jonathan.Pressment@haynesboone.com
csprengle@bafirm.com                         Abbey.Gauger@haynesboone.com

*Attorneys for Plaintiff WiAV Solutions, Inc.*   *Attorneys for Defendant HTC Corporation*


SO ORDERED.

_____
KATHARINE H. PARKER, U.S.M.J.


Dated: New York, New York

      September 23, 2020

7

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the action entitled *WiAV Solutions, Inc. v. HTC Corp.*, No. 18-CIV-2595 (PGG) (KHP) (S.D.N.Y.) and/or *WiAV Solutions, Inc. v. HTC Corp.*, No. 19-CIV-4978 (PGG) (KHP) (S.D.N.Y.) (the "Actions") have been designated as [confidential or attorneys' eyes only]. I have been informed that any such documents or information labeled ["CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"] are confidential by order of the Court.

I hereby certify and agree that I have read and understand the terms of the Stipulation and Protective Order (the "Order") relating to the Action. I agree to be bound by the terms and conditions of the Order.

Accordingly, I hereby agree that I will not disclose any information contained in documents labeled ["CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"] to any other person. I further agree not to use any such information for any purpose other than this litigation, in the manner permitted by the Order.

DATED:

_____

Signed in the presence of:

_____

(Attorney)